IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| JERRY W. ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV02-155-S-LMB |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| DEBRA CLYDE, M.D., DR. | ) | |
| LITTLE, GRANT CLARK, M.D., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court are the PHS Defendants' Motion for Reconsideration
(Docket No. 93), Plaintiff's Motion in Limine (Docket No. 113), and the CMS
Defendants' Motions to Dismiss (Docket Nos. 122, 123).  Having fully reviewed the
record, the Court will deny the PHS Defendants' motion for reconsideration.  The Court
will grant Plaintiff's Motion in Limine, and it will deny the CMS Defendants' Motions to
Dismiss.

**I.**

**MOTION FOR RECONSIDERATION**

**A.  Background**

Plaintiff was formerly in the custody of the Idaho Department of Correction
(IDOC).  During the time relevant to the Complaint's allegations, Plaintiff was
incarcerated at the Idaho State Correctional Institution (ISCI) and the Idaho Correctional

**ORDER  1**

Center (ICC).  He was released on a medical parole over one year ago.  Plaintiff was allowed to proceed with his civil rights Complaint against Correctional Medical Services, Prison Health Services, Dr. Terry Little, Dr. Debra Clyde and Dr. Grant Clark.

Defendants submitted motions for summary judgment, after which the Court determined that genuine issues of material fact existed as to Defendants Clyde and Clark, and their motions for summary judgment were denied.  (Docket No. 68).  Defendants were given the opportunity to file supplemental briefing on Plaintiff's Eighth Amendment claims against Dr. Clark and Dr. Clyde.

The Court reviewed Defendant Clark's supplemental briefing on the Eighth Amendment claim, and denied his request for summary judgment.  (Docket No. 92). Defendant Clark filed a motion requesting reconsideration of the Court's denial of his summary judgment request.

### B.  Standard for Reconsideration

In *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000), the Ninth Circuit Court of Appeals clarified the limited use of a Rule 59(e) motion:

> Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000). Indeed, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.1999).  A Rule 59(e) motion may not be used to

**ORDER  2**

raise arguments or present evidence for the first time when
they could reasonably have been raised earlier in the
litigation. *See id.*

Defendant Clark's motion for reconsideration fails to present any new evidence in
support of the request for summary judgment. Neither does the motion demonstrate that
there was an intervening change in the law, or that the Court committed a clear error in its
analysis. The Court conducted an extensive review of all medical records and affidavits
submitted in support of Defendants' request for summary judgment. The Court construed
the evidence in a light most favorable to Plaintiff, and determined that Plaintiff's
allegations in combination with Defendants' own submissions created a genuine issue of
material fact as to the Eighth Amendment claim against Dr. Clark. Defendant Clark's
third attempt to have the claim dismissed is unpersuasive. Ultimately, Defendant may be
able to prevail on this claim at trial, but the Court will not dismiss him as a Defendant
based on the record before it. Accordingly, Defendant Clark's request for reconsideration
is denied.

## II.

### MOTION IN LIMINE

Plaintiff filed a motion requesting that any evidence relating to the crime for which
he was incarcerated be excluded at the trial in this action. Plaintiff cites Federal Rules of
Evidence 401, 402, and 403 in support of his request. Defendants claim that Plaintiff's
criminal conviction is relevant to a claim they assert is still pending as part of his civil

**ORDER  3**

rights action.[1]  The Court disagrees with Defendants' assertion.

The evidence of Plaintiff's prior criminal conviction will not be used in any way in the voir dire of jurors or at the trial in this action.  It will be obvious to the jury that Plaintiff was serving a sentence for a criminal conviction at the time his Eighth Amendment claims arose.  Allowing Defendants to supplement the fact of incarceration with details of Plaintiff's criminal conviction has the potential to prejudice the jury against him.  *See Scott v. Lawrence*, 36 F.3d 871, 873 (9th Cir. 1994)(trial court erred in admitting evidence of inmate's criminal conviction on voir dire).  Although Defendants may argue that Plaintiff's criminal conviction is relevant as impeachment evidence, the Court has determined that the "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  Fed. R. Evid. 403 (setting forth the balancing test for impeachment evidence as described in Fed. R. Evid. 609).  As the Court of Appeals held in the *Scott* case, "informing the jury of the specific charges involved was clearly more prejudicial than probative.  Thus, the Court told the jury more than necessary, thereby prejudicing [the plaintiff]."  *Scott*, 36 F.3d at 875.

---

[1]  Defendants argue that evidence of Plaintiff's criminal conviction is needed to refute claims that Dr. Clyde's medical assessment resulted in the denial of parole.  They  refer to an allegation in Plaintiff's complaint in which he states that "Dr. Clyde failed to adequately represent the plaintiff's terminal condition to the parole commission, resulting in plaintiff's denial of medical parole."  The Court has never viewed this allegation as a separate Eighth Amendment claim, nor did Defendants raise this claim in their summary judgment request.  The decision of the parole board is no longer a subject of this litigation because Plaintiff has been granted a medical parole.  He is only pursuing claims relating to the medical care received from the Defendants.  Because his criminal conviction is not relevant to these claims, it also appears to be inadmissible under Rules of Evidence 401 and 402.

**ORDER  4**

Based on the foregoing and for the reasons set forth in Plaintiff's motion, the Court will grant Plaintiff's Motion in Limine.  Defendants shall not attempt to refer to Plaintiff's criminal conviction in any way during jury selection or at the trial in this matter.  Defendants are instructed to review their trial exhibits and redact any reference to Plaintiff's criminal conviction.  Additionally, documents sent to the Court's experts should not contain this information.

## III.

## MOTION TO DISMISS

Counsel for the CMS Defendants filed a motion requesting dismissal of Plaintiff's claims based on failure to completely exhaust the prison grievance procedure.  The motion was filed three years after Plaintiff's Complaint was filed in this action.  Defendants allege that they learned of Plaintiff's failure to fully exhaust the prison grievance system at his deposition in May of 2005.  Plaintiff was deposed one year after the statute of limitations for his Section 1983 action had expired, and Plaintiff's court-appointed counsel noticed his own client's deposition in order to preserve the testimony for trial.

In *Wyatt v. Terhune*, the Ninth Circuit Court of Appeals held "that § 1997e(a) creates a defense -- defendants have the burden of raising and proving the absence of exhaustion."  *Wyatt*, 315 F.3d 1108, 119 (9th Cir. 2003).  As with other affirmative defenses, the exhaustion defense may be waived if not timely raised.  *See Marcial UCIN v. SS Galicia,* 723 F.2d 994, 997 (1st Cir. 1983) (right to assert personal jurisdiction and

**ORDER  5**

other threshold defenses may be waived by failure to assert in a timely manner); *see also*

*Frietsch v. Refco, Inc.* 56 F.3d 825, 830 (7th Cir. 1995) (delay in raising improper venue

resulted in waiver).

Defendants did not raise this defense in a timely manner.  They chose to wait until

Plaintiff's deposition to confirm the extent to which he had exhausted the prison

grievance system, and, therefore, the delay is attributable to their own litigation strategy.

Accordingly, the Court deems their defense under Rule 12 as waived.  Raising this type

of defense shortly before trial borders on a bad faith attempt to stall the litigation.

The Court must also consider the prejudice to Plaintiff in granting a motion to

dismiss based on the failure to exhaust the prison grievance system.  Where, as here,

Plaintiff's statute of limitations has long since run on his Eighth Amendment claims, it

would unduly prejudice his case to order dismissal three years after the lawsuit

commenced.  *See Marcial UCIN,* 723 F.2d at 997 (discussing prejudice due to the statute

of limitations bar).

The Court is also aware, through more recent Eighth Amendment cases, that

Defendants and IDOC officials changed the manner in which grievances are handled for

inadequate medical care complaints.  As Plaintiff pointed out in his deposition, the

correctional officers within the prison units had no authority to resolve complaints

involving inadequate medical care.  Deposition of Jerry Anderson, p. 55, ll. 8-20.  The

inmates were instructed to complete a medical request form as a way of resolving their

complaints.  After seeing the medical personnel, the concern forms were not available to

**ORDER  6**

attach to the grievance form.  Thus, numerous inmates have complained that they were

prevented from pursuing the grievance process when it involved a medical claim.

Based on these complaints, the Court has been informed that the grievance

procedure for medical claims has been modified, and that one of the medical provider's

employees is assigned to address the concerns relating to inadequate medical care.  Then

the inmate can appeal to the health services administrator, in the event the inmate is

unsatisfied with the result.  This avoids the scenario in which an inmate is unable to

grieve the alleged medical complaint because they lack evidence of satisfying the

informal step in the process.

Based on the record before it, Plaintiff attempted to follow the grievance procedure

that was available to him for medical concerns.  *See Butler v. Rianda*, 397 F.3d 1181,

1183 (9th Cir. 2005)(inmate availed himself of the administrative process the state gave

him; rejecting defendants' argument that plaintiff failed to give specific notice of the

claim to the specific defendants); *Ngo v. Woodford,* 403 F.3d 620, 625 (9th Cir.

2005)("the PLRA requires prisoners to exhaust all *available* administrative remedies

before filing a § 1983 claim in federal court" (italics in original)).

Accordingly, the CMS Defendants' Motion to Dismiss is denied.  Defendants are

instructed to file motions for failure to exhaust the prison grievance system within the first

six months after they are served with an inmate lawsuit.

**ORDER  7**

## IV.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

1.     Defendant Clark's Motion for Reconsideration (Docket No. 93) is DENIED.

2.     Plaintiff's Motion in Limine (Docket No. 113) is GRANTED as set forth

above.

3.     The CMS Defendants' Motions to Dismiss (Docket Nos. 122, 123) are

DENIED.



DATED:  **June 15, 2005**.

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

**ORDER  8**